ELLIS W. PLUMLEY *vs.* SIDNEY BIRGE.

Hampden. Sept. 25, 1877. — Feb. 8, 1878. ENDICOTT & LORD, JJ., absent.

An action may be maintained for an injury done by a dog to a boy thirteen years old, although the boy struck the dog and thereby incited the dog to bite, and was old enough to know that his act would be likely to so incite the dog, if the boy was in the exercise of such care as could reasonably be expected from a boy of his age and capacity.

TORT, under the Gen. Sts. *c.* 88, § 59, to recover double the amount of the damage sustained from the bite of a dog.

At the trial in the Superior Court, before *Brigham*, C. J., there was evidence tending to show that the plaintiff, a boy thirteen years old, while upon a narrow foot bridge, which the defendant's dog was about to cross, and which he had a right to cross unmolested, endeavored to prevent him from crossing, by striking at him with a stick about three feet long, which he held in his hand, and that, as the dog came within reach for the purpose of crossing, he struck him over the back with the stick, and thereupon the dog snapped at and bit the plaintiff on the leg, giving a single grip as he passed him. The dog was a large dog, weighing about one hundred pounds.

The judge gave general instructions not excepted to, and, at the plaintiff's request, instructed the jury as follows :

" 1. If the plaintiff did strike the dog, and if he thereby did by his own act bring the injury upon himself, he may, notwithstanding, recover in this case, if the jury believe the boy acted with such care as under the same circumstances would have ordinarily been exercised by boys of ordinary intelligence and prudence, of his years

" 2. If the plaintiff was old enough to know that striking the dog would be likely to incite the dog to bite, and did strike the dog, and did thereby incite the dog to bite him, he may nevertheless recover, if the jury think he was in the exercise of such care as would be due care in a boy of his years."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the above rulings.

*H. B. Stevens*, for the defendant.

*M. B. Whitney*, ( *G. M. Stearns* with him,) for the plaintiff.

MORTON, J.   This is an action of tort, brought under the Gen. Sts. *c.* 88, § 59, to recover damages for an injury to the plaintiff, a boy of thirteen years of age, from the bite of a dog kept by the defendant.   The only question presented is as to the correctness of two rulings given by the court at the request of the plaintiff.   Other instructions were given which were not excepted to, and which we must assume to have been full and accurate.   We need consider only the second ruling given, because, if it was correct, it includes and necessarily determines the first.

The second ruling was that " if the plaintiff was old enough to know that striking the dog would be likely to incite the dog to bite, and did strike the dog, and did thereby incite the dog to bite him, he may nevertheless recover, if the jury think he was in the exercise of such care as would be due care in a boy of his years."   We are of opinion that there is no error in this ruling.

It was necessary that the plaintiff, though a boy, should prove that he was in the exercise of due care.   But due care on his part did not require the judgment and thoughtfulness which would be expected of an adult under the same circumstances. It is that degree of care which could reasonably be expected from a boy of his age and capacity. *Munn* v. *Reed,* 4 Allen, 431. *Carter* v. *Towne,* 98 Mass. 567.   *Lynch* v. *Smith,* 104 Mass. 52. *Dowd* v. *Chicopee,* 116 Mass. 93.   If the court had ruled that, if the plaintiff was old enough to know that striking the dog would be likely to incite him to bite, he could not recover, it would have been erroneous.   This is not the true test.   It entirely disregards the thoughtlessness and heedlessness natural to boyhood.   The plaintiff may have been old enough to know, if

he stopped to reflect, that striking a dog would be likely to provoke him to bite, and yet, in striking him, he may have been acting as a boy of his age would ordinarily act under the same circumstances.

The age of the plaintiff was an important fact for the consideration of the jury; but the court correctly held that the true rule was, that he was entitled to recover if he was in the exercise of that degree of care which, under like circumstances, would reasonably be expected of a boy of his years and capacity. *Meibus* v. *Dodge*, 38 Wis. 300.     *Exceptions overruled.*