GERALD M. GARLAND, by next friend,

*vs.*

HELEN J. HEWES.

Penobscot. Opinion September 13, 1906.

</div>

*Animals. Dog. "Fault" in R. S., Chapter 4, Section 52, Equivalent of Negligence. Burden of Proof. Verdict for Defendant Sustained. Statute, 1903, c. 109, § 1. R. S., c. 4, § 52.*

For damage to person or property by a dog a right of action against his owner is given, by R. S., chapter four, section fifty-two, only in those cases in which the damage was not occasioned through fault of the plaintiff.

The word "fault" as used in this statute is the equivalent of negligence ; and the burden in such an action is upon the plaintiff to allege and prove that no want of due care on his part occasioned the injury.

After verdict for the defendant upon motion for a new trial in this case, although the court if sitting as jurors might have drawn a different inference or reached a different conclusion than did the jury, it cannot be said that the verdict is so clearly and manifestly erroneous that justice requires it to be set aside.

On motion by plaintiff. Overruled.

Action under Revised Statutes, chapter 4, section 52, to recover damages for an injury resulting from bite of defendant's dog. The plaintiff was eight years old at the time of the injury, and the dog was a St. Bernard weighing between seventy-five and eighty pounds. The next morning after the plaintiff was bitten, the dog was killed by order of the defendant.

The action was tried at the January term, 1906, of the Supreme Judicial Court, Penobscot County. Plea, the general issue with the following brief statement: "That the damage complained of in the writ and declaration of the plaintiff was occasioned through the fault of the person injured, to wit, the minor plaintiff." The verdict was for the defendant. The plaintiff then filed a general motion for a new trial.

The case appears in the opinion.

*Martin & Cook,* for plaintiff.

*P. H. Gillin,* for defendant.

SITTING: WISWELL, C. J., STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

POWERS, J. Action under the statute to recover damages for an injury resulting from bite of defendant's dog on July 12, 1905. The case comes here on motion to set aside the verdict which was for the defendant.

Only two witnesses, the plaintiff and defendant, testified as to what took place at the time of the injury. The plaintiff, a boy eight years old, testified that he had played with the dog a year or so, that the dog seemed to like him, had never been cross to him or snapped at him, that on the day named he was playing with the dog throwing sticks in the water and trying to get the dog to go after them, that the defendant came down to the brook with a horse and wagon, that the dog was along side of the horse and wagon when the plaintiff put his arm around the dog's neck and kissed it, and the dog bit him in the face. He denied that he used any violence toward the dog or did any act to plague, irritate or provoke it.

Defendant testified as follows : "The little boy came up side of the horse and went up to the dog, and the first thing he done when he went up to the dog, he took his hand and struck him a few times on the head. Then he took hold of his ears and pulled them out. The next thing he done he grabbed him right around the neck and put his face right down into the dog's face,— you might say in his mouth almost, and the dog turned his head and bit him in the cheek."

Other witnesses throw little light upon the question of veracity involved. The jury had the advantage of seeing the plaintiff and the defendant, and noting the many things affecting their credibility which the bald report of the evidence cannot reproduce. Whatever doubts the court may entertain, it cannot say, after a careful study of the whole evidence, that the jury were not justified in finding the facts as testified by the defendant.

Upon those facts can the verdict be sustained? So much of the statute as is material is as follows : "When a dog does damage to a person or his property, his owner . . . . forfeits to the person injured the amount of the damage done, provided said damage was not occasioned through the fault of the person injured." R. S., chapter 4, section 52. The proviso was added by chapter 109, section one of the public laws of 1903. Prior to that this court in Hussey v. King, 83 Maine, 568, held that the plaintiff need not allege and prove in the first instance his own due care in the matter, but declined to decide whether the plaintiff's want of care might be successfully shown in defense. Now, a right of recovery is given only in those cases in which the damage was not occasioned through the fault of the plaintiff. In legal literature the word "fault" is the equivalent of negligence, 19 Cyc. 460, note 11 ; 12 A. and E. Ency. of L. 2d Edition, 886, note 4. The burden, therefore, was upon the plaintiff to allege and prove that no want of due care on his part occasioned the injury. In determining the question of due care all the circumstances are to be taken into consideration, including the age and intelligence of the plaintiff. He is not to be held to the same judgment and thoughtfulness as an adult, but only to such as boys of his age and intelligence ordinarily exercise under the same circumstances. The mere fact that he was old enough to know that

striking the dog over the head and pulling his ears might cause the dog to bite him, would not bar his recovery if he was in the exercise of such care as would be due care in a boy of his age and intelligence. *Plumley* v. *Birge*, 124 Mass. 57. This question was for the jury to determine and it was submitted to them under instructions to which no exception was taken. No reason can be perceived why they should entertain any bias or prejudice against the infant plaintiff, or sympathy for the defendant. They saw the boy and had an opportunity to observe and note his intelligence. Certainly jurors ought to know as much as any tribunal about boys and the care they exercise in their conduct with dogs. The question was one which they were peculiarly qualified to decide, and they found the issue against the plaintiff. As has been often said the question presented by the motion is not what we would decide as jurors, not whether the court would have drawn a different inference and reached a conclusion more favorable to the plaintiff, but whether the finding of the jury is manifestly erroneous. We feel that we must answer in the negative.

*Motion overruled.*