NED HAROLD MILLIKEN,

By Joseph L. Milliken, next friend,

*vs.*

G. HAROLD FENDERSON.

York. Opinion March 29, 1913.

*Action. Burden of Proof. Compensation. Damages. Discretion. Dog. Due Care. Fault. Forfeits. Judgment. Keeper. Motion. Owner.*

1. The primary lexical meaning of the word "fault" is defect or failing, and in the language of the law and in the interpretation of Statutes, it is held to signify a failure of duty and deemed to be the equivalent of negligence.
2. It was incumbent on the plaintiff to prove that the injuries received by him from the bite of the dog was not occasioned by his own fault.
3. That burden is necessarily implied in the obligation to prove that the act of the dog was the cause of the injury, for if it was occasioned by his own fault, it was not, in a legal sense, caused by the act of the dog.
4. In the case of children, who have not arrived at the years of discretion, the exercise of due care does not require the thoughtfulness and judgment of persons of mature years.

On motion for new trial by the defendant. Motion overruled.

This is an action on the case to recover damages for an injury to the plaintiff, a boy fourteen years of age, occasioned from a bite

of the defendant's dog. The action is based on Section 52 of Chapter 4 of the Revised Statutes. The plea is the general issue and brief statement as follows: That said plaintiff in the matters in his said declaration alleged, wilfully meddled with the dog in question, with full knowledge of the probable consequences thereof. The jury returned a verdict for the plaintiff for $470 and the defendant filed a motion to set the verdict aside.

The case is stated in the opinion.

*Cleaves, Waterhouse & Emery,* for plaintiff.

*James O. Bradbury,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, KING, HALEY, JJ.

WHITEHOUSE, C. J. The plaintiff, a boy fourteen years of age, recovered a verdict of $470 as compensation for an injury received from the bite of the defendant's dog. The case comes to the Law Court on the defendant's motion to set aside the verdict as against the law and the evidence.

The action is based on Sec. 52 of Chap. 4, R. S., which declares that, "When a dog does damage to a person or his property, his owner or keeper . . . forfeits to the person injured the amount of damage done, provided said damage was not occasioned through the fault of the person injured."

The primary lexical meaning of the word "fault" is defect or failing. Hence, in the language of the law and in the interpretation of statutes, it is held to signify a failure of duty, and deemed to be equivalent of negligence, 19 Cyc., 460; 12 Am. & Eng. Enc. Law, 886. It was accordingly incumbent on the plaintiff to prove that the injury received by him from the bite of the dog was not occasioned by any want of due care on his own part. It was not necessary, however, that the statute should expressly impose upon the plaintiff the burden of proving that the injury was not occasioned by his own fault. That burden was necessarily implied in the obligation to prove that the act of the dog was the cause of the injury. If it was occasioned by his own fault, it was not, in a legal sense, caused by the act of the dog.

In the construction of a similar statute in Massachusetts, which however contained no express provision in regard to the fault of the person injured, it has uniformly been held by the courts of that state that to entitle the injured person to recover, it was essential for him to allege and prove that he was in the exercise of ordinary care himself. *Munn* v. *Reed,* 4 Allen, 431; *Hathaway* v. *Tinkham,* 148 Mass., 85.

But in the case of children who have not arrived at years of discretion, the exercise of due care does not require the thoughtfulness and judgment of persons of mature years. In *Plumly* v. *Birge,* 124 Mass., 57, it appeared that a boy thirteen years old endeavored to prevent a dog from crossing a narrow bridge, which he had a right to cross unmolested, by striking at him with a stick about three feet long, and as the dog came within reach for the purpose of crossing, he struck him over the back with the stick, and thereupon the dog snapped at and bit the plaintiff on the leg as he passed him. But in consideration of the thoughtlessness and heedlessness natural to boyhood, the court refused to disturb a verdict of the jury in favor of the injured boy. In the opinion, it is said, "The plaintiff may have been old enough to know, if he had stopped to reflect, that striking a dog would be likely to provoke him to bite and yet, in striking him, he may have been acting as a boy of his age would ordinarily act under the same circumstances."

In the case at bar, the plaintiff was a boy fourteen years of age. His home was about an eighth of a mile from the residence of the defendant; and for three years he had been going there every evening to obtain milk. He had also been in the habit of playing on the premises with the defendant's sons, one of whom was about his own age. The dog in question had been there during all that time, but the plaintiff had not been accustomed to play with him, although it does not appear that he had ever heard that the dog had bitten any one, or been warned that he was vicious.

It appears that the dog was generally kept in the defendant's barn. On the evening of the injury, after playing together for a while on the lawn, the boys all went into the barn and stood near the barn door.

With respect to his own movements and the action and appearance of the dog immediately preceding and at the time of the attack

upon him, the plaintiff testifies as follows: "Well, the two boys and I were standing in the barn, talking, and the dog was in about a couple of rods from me. I went to the dog, straddled him and walked over him and then I circled round and came back near the boys and went back where the dog was, just bowed to speak to him and says, 'Hello, Hilo,'—that was the dog's name. I simply spoke to him pleasantly and he jumped and grabbed me. . . . His teeth struck me in the mouth. At the time I felt as if he had taken my whole lip. . . . I did not say anything to him when I straddled him and did not rest my weight on him any way. . . . If he was moving he would have walked between my legs. . . . When I went back and said, 'Hello, Hilo,' I did not put my hand on the dog; I never touched him . . . He was quiet and did not growl or bark."

The plaintiff's testimony on this point is corroborated by the defendant's son, the only person besides the plaintiff who saw the occurrence, who testifies as follows: "He stooped over to him and was talking to him and he was down so low that he bit him." This witness does not claim that he saw the plaintiff touch the dog at any time; but he testifies that after the plaintiff went into the house, he heard him say that he patted the dog when he said "Hello" to him.

But the surgeon who dressed the wound says: "The boy's face was wrapped up, and when the bandage was taken off, his lip on his right side was torn down clear to the gum, and laid right over. . . . There was a little piece gone near the center of the lip, and that flap was turned right over here, and of course the support being taken away from that corner, the rest of the lip dropped down. Of course there was a good deal of hemorrhage." It was necessary to take eight stitches to give the wound proper surgical dressing. It is contended for the plaintiff that it is wholly improbable that the boy, with his mouth in the condition described, attempted to make any statement in regard to the occurrence.

But upon the facts of this case it is immaterial whether the plaintiff was patting the dog or not at the time he was bitten. According to the rule laid down in the Massachusetts cases above cited, and adopted by this court in *Garland* v. *Hewes*, 101 Maine, 549, the plaintiff was held only to the exercise of such thoughtful-

ness, prudence and care as boys of his age and intelligence might ordinarly be expected to exercise under like circumstances. In returning a verdict for the plaintiff, the jury must have found that when his conduct was subjected to this test, it met all the requirements of due care on the part of a boy of his age and experience and that the injury was not occasioned, in a legal sense, by the fault of the plaintiff. It is the opinion of the court that there was sufficient evidence to support that conclusion.

*Motion overruled.*