Marion HENRY

v.

Raymond O. BROWN, Sr., et al.

Supreme Judicial Court of Maine.
Argued June 4, 1985.
Decided July 8, 1985.

Berman, Simmons & Goldberg, P.A., Steven D. Silin (orally), Paul F. Macri, Gary Goldberg, Lewiston, Shortill & Shortill, John M. Shortill, Sanford, for plaintiff.

Hewes, Culley & Beals, George W. Beals, (orally), Alison A. Denham, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and GLASSMAN, JJ.

WATHEN, Justice.

This case presents two novel questions concerning an owner's liability for injuries caused by a dog. We are called upon to decide: (1) whether contact between the dog and the injured party is required for recovery under either the common law or the statutory cause of action, and (2) whether an independent claim of negligence may be asserted for the same injuries. Plaintiff Marion Henry appeals from an order of the Superior Court (York Coun-

ty) granting defendants' motion for summary judgment. The Superior Court ruled in favor of defendants on the premise that in the absence of physical contact between the dog and the injured party there could be no recovery under any theory of liability.[1] We find that the Superior Court erred as a matter of law and we sustain the appeal.

Plaintiff's complaint alleged that on October 6, 1980 she attempted to make a social call on defendant Raymond Brown and his wife, Bea Brown.[2] Plaintiff had called Mrs. Brown prior to the visit to explain that she would arrive in about ten minutes with a cake that she had purchased for Mrs. Brown. As the plaintiff was getting out of her car in the Browns' driveway, she noticed the Browns' dog, Kelly, on a chain by the garage door. Plaintiff testified in a deposition that the dog "came charging at [her] on his back paw" and was barking. Fearful of dogs, plaintiff became frantic, stepped back, and fell. At no time did the dog come in contact with plaintiff. Plaintiff estimated, however, that the dog came at least as far as the hood of her car. The plaintiff testified that after she fell, Mrs. Brown came to the porch of her home and said, "I told him so; I told him to put that dog in the back." Plaintiff alleged that as a result of the fall, she suffered extensive injuries, underwent a long convalescence, and lost her ability to produce income.

Plaintiff initiated this action and advanced three theories of liability: (1) common law; (2) statutory, and (3) negligence. Relying in part on material outside the pleadings to establish the absence of contact, defendants moved to dismiss all three claims for relief. The Superior Court properly treated the motion as one for summary judgment. *See* M.R.Civ.P. 12(b). The Court granted summary judgment for the defendants on all three claims for relief. Plaintiff now appeals to this Court.

I.

■ Maine law has long recognized two remedies for injuries caused by dogs. *See Pettitt v. Lizotte,* 454 A.2d 329, 333–334 (Me.1982). At common law, an owner is strictly liable for damages inflicted by a dog, if it can be shown that he kept the dog with knowledge of the dog's injurious propensities. *Pettitt,* 454 A.2d at 334; *Teel v. Colson,* 396 A.2d 529, 532 (Me.1979); *Carroll v. Marcoux,* 98 Me. 259, 263–64, 56 A. 848, 849 (1903). The fault of the owner or the injured party is irrelevant to such a cause of action. *Teel,* 396 A.2d at 532; *Hussey v. King,* 83 Me. 568, 572, 576, 22 A. 476, 478 (1891)[3], but the liability is limited to the risk known to the defendant.

■ In contrast, the statutory cause of action dispenses with the common law element of scienter and creates absolute liability with an absolute bar for those instances where the injured party is at fault. 7 M.R.S.A. § 3651 (1979) provides:

When a dog does damage to a person or his property, his owner or keeper, and the parent, guardian, master or mistress of any minor who owns such dog, forfeits to the person injured the amount of the damage done, provided the said damage was not occasioned through the fault of the person injured, to be recovered by a civil action.

■ To this point in our history, all of the cases appealed to this Court have included a "bite" or a "contact",[4] however,

---

1. The Superior Court did not expressly address the claim of negligence but appears to have assumed that the two other theories of recovery were exclusive.

2. Mrs. Brown died before the plaintiff initiated this action, but her estate has been joined as a party defendant.

3. We have recognized that plaintiff's willful provocation of the dog might be a defense. *Hussey,* 83 Me. at 576, 22 A. at 479.

4. *See Pettitt v. Lizotte,* 454 A.2d 329 (Me.1982); *Teel v. Colson,* 396 A.2d 529 (Me.1979); *Begin v. Bernard,* 160 Me. 233, 202 A.2d 547 (1964); *Milliken v. Fenderson,* 110 Me. 306, 86 A. 174 (1913); *Garland v. Hewes,* 101 Me. 549, 64 A. 914 (1906); *McCosker v. Weatherbee,* 100 Me.

we have never ruled that a "bite" or a "contact" is required for liability under either theory of recovery. At common law, "[t]he owners or custodians of animals not wild were liable for injuries *done by them*, if they knew of the injurious propensity of the animal." *Hussey v. King*, 83 Me. 568, 572, 22 A. 476, 477 (1891). (emphasis supplied). Subsequently, the Legislature enacted the statute, which eliminated the need of alleging and proving the scienter: "It makes the owner of a dog prima facie, absolutely liable for an injury *done by* the animal." *Hussey*, 83 Me. at 575, 22 A. at 478. (emphasis supplied). In 1903, the Legislature added the caveat "provided said damages was not occasioned through the fault of the person injured." At no time did this Court or the Legislature engraft the requirement of a "contact" or "bite."[5] A majority of the jurisdictions having similar statutes, common law rules, or both, do not impose the requirement of "contact." *See, e.g., Farrior v. Payton*, 57 Hawaii 620, 562 P.2d 779 (1977); *Machacado v. City of New York*, 80 Misc.2d 889, 365 N.Y.S.2d 974 (1975). *See generally* Annot., 30 A.L.R. 4th 986 (1984). We find this to be the better-reasoned view.

█ In light of the above, the Superior Court erred as a matter of law in granting the defendants' motion for summary judgment based on the plaintiff's lack of contact with the dog. Summary judgment is appropriate only where there is no genuine issue as to any material fact and a party is entitled to judgment as a matter of law. *Bryson v. Kenney*, 430 A.2d 1102, 1103 (Me.1981); M.R.Civ.P. 56(c). Under the

common law theory presented in the case at bar, there remain genuine issues of material fact as to whether defendants had knowledge of the dog's injurious propensities and whether the dog's actions were the proximate cause of the plaintiff's injuries. Under the statutory theory of recovery, the issues of proximate cause and contributory fault remain. Thus, the Superior Court erred in granting summary judgment for the defendants on these two counts.

## II.

The Superior Court also granted summary judgment for the defendants as to the plaintiff's third claim for relief, which was based on a theory of negligence.[6] On appeal, the plaintiff urges us to adopt negligence as an independent theory of recovery for injuries caused by the actions of a defendant's dog.

We have previously stated that "Negligence of the defendant [dogkeeper] is immaterial at common law or under the statute." *Teel v. Colson*, 396 A.2d at 532. *See also Pettitt*, 454 A.2d at 332.[7] We have never before, however, had occasion to decide whether the negligence of a dogkeeper can serve as a basis of liability. *Cf. Byram v. Main*, 474 A.2d 1295 (Me.1984). As a practical matter, a plaintiff might choose not to proceed on a theory of negligence because of the more exacting requirements for establishing liability and the scope of the other theories of liability. Practical considerations alone may account for the fact that only now are we squarely presented with the issue.

25, 59 A. 1019 (1905); *Carroll v. Marcoux*, 98 Me. 259, 56 A. 848 (1903); *Mitchell v. Chase*, 87 Me. 172, 32 A. 867 (1895); *Hussey v. King*, 83 Me. 568, 22 A. 476 (1891).

**5.** We note that in at least one jurisdiction, Florida, the applicable statute expressly limits recovery to damage caused by dog *bites*. *See* Fla.Stat. Ann. § 767.04 (West 1979).

**6.** Plaintiff alleges in her complaint that defendants were negligent in maintaining and failing to warn of both the dog and a dangerous condi-

tion in the driveway. There would seem to be no reason for the dismissal of the complaint with reference to the condition of the driveway.

**7.** Some degree of negligence is implicit in the common law theory of recovery. Under the common law, "the degree of the defendant's care is irrelevant *once it is shown that he kept the dog after knowing of its dangerous propensities*." *Pettit*, 454 A.2d at 334; *Teel*, 396 A.2d at 532; *Hussey*, 83 Me. at 572, 22 A. at 477. (emphasis supplied).

The Restatement (Second) of Torts recognizes that a dog owner's negligence can be a basis for liability without regard to whether the animal actually bit or came into contact with the plaintiff. Section 302(b)[8] states that a person might be chargeable with negligence if a third party is exposed to an unreasonable risk of harm by the foreseeable action of another person's animal. In comment d to section 302, the Restatement explains that a reasonable person is required to know the habits and propensities of animals and, insofar as that knowledge would lead him to identify as customary or normal a particular action on the part of an animal, he is required to anticipate that act and provide against it.[9] Several courts have adopted a similar approach. *See, e.g., Sanders v. Davis,* 25 N.C.App. 186, 212 S.E.2d 554 (1975); *Henkel v. Jordan,* 7 Kan.App.2d 561, 644 P.2d 1348 (1982). Defendants have presented no compelling argument against the Restatement rule. We therefore hold that a dogkeeper's negligence may serve as an independent theory of recovery for damage caused by a dog. We disavow any contrary suggestion contained in our prior opinions. *See Pettitt,* 454 A.2d at 334; *Teel,* 396 A.2d at 532.

Accordingly, plaintiff's negligence count was also erroneously dismissed.[10]

The entry is:

Summary judgment vacated.

Remanded to Superior Court for further proceedings consistent with the opinion herein.

Costs on appeal awarded to plaintiff.

All concurring.

---

**8.** Section 302 of the Restatement provides:
A negligent act or omission may be one which involves an unreasonable risk of harm to another through either
(a) the continuous operation of a force started or continued by the act or omission, or
(b) the foreseeable action of the other, a third person, an animal, or a force of nature.

**9.** *See also* section 209(a) of the Restatement.

**10.** We recognize that an action of negligence will implicate the application of comparative negligence principles. 14 M.R.S.A. § 156 (1980).