STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-209

DAVID HUSSEY,

Plaintiff

v.

**ORDER**

KATHLEEN NADEAU,

DONALD L. GARBRECHT
LAW LIBRARY

JUL 1 3 2008

Defendant

This matter comes before the Court on Defendant Kathleen Nadeau's (Kathleen) Motion for Summary Judgment pursuant to M.R. Civ. P. 56. Following hearing, the Motion is Granted.

## BACKGROUND

The issues in this case stem from a dog bite suffered by Plaintiff David Hussey (David) on December 8, 2006. The dog that delivered the bite (Molly) belongs to Kathleen. Molly is a basset hound that Kathleen adopted from the Buxton animal shelter when Molly was approximately four years old.

David and Kathleen were divorced in 2003 after approximately three years of marriage. As part of the divorce they shared custody of their two children, David and Gala. Pursuant to the shared custody, David would frequently go inside Kathleen's house when he dropped off the children. David was very familiar with Molly and she demonstrated affection toward him.

There is no dispute that, on the morning of the incident, David went to Kathleen's house with their son to pick up the son's snow boots. The parties dispute

whether or not he was there at Kathleen's request. It is further disputed whether there was an ongoing understanding between the parties that, when David was at Kathleen's house, he should let Molly out. It is undisputed, however, that on the morning of the incident, David intended to take Molly out on a leash. As he was trying to get her leash, Molly tried to bolt past David. To prevent her from escaping, he grabbed her. Molly's response was to turn and bite David on the right hand. David asserts that, as a proximate result of the incident, he suffered significant harm.

There is no evidence in the record that Molly had ever bitten anyone prior to this incident or that she was vicious. There is some dispute regarding whether Molly had the habit of running away; however, if she did, David was aware of it. (Hussey depo. at 24: 8-18.) There is evidence that Kathleen was told that Molly may have had some issues with men, however; it is also clear that David was aware of that possibility, (*Id.* at 32:23-25,) and that neither he nor Kathleen had had negative interactions (nor knew of any negative interactions) with Molly prior to the incident before the Court, (*see e.g.* Def. S.M.F. ¶¶ 19, 20, 25).

## DISCUSSION

### I.      Summary Judgment Standard

Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. At this stage, the facts are reviewed "in the

2

light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

A party opposing a motion for summary judgment must support its statement of material facts by a record citation. M.R. Civ. P. 56(h)(2). The opposing party may not "rest upon the mere allegations or denials of that party's pleading, but must respond by affidavits or as otherwise provided by this rule, setting forth specific facts showing that there is a genuine issue for trial."[1] M.R. Civ. P. 56(e). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R Civ. P. 56(h)(4). The court is entitled to disregard any "statement of fact not supported by a specific citation to the record . . . ." *Id.* When a defendant seeks summary judgment, a "plaintiff must establish a prima facie case for each element of [his] cause of action." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845.

## II. Negligence

David alleges that Kathleen was negligent in failing to take precautions to prevent Molly from attacking him and/or in failing to "warn him of the presence of a vicious dog." (Complaint at 3.) In his memorandum of law he asserts that, since Kathleen knew of Molly's "history and propensity for running away, [Kathleen] had the duty to protect him from the possibility that he may be injured is [sic] he tried to restrain the dog from running away." (Pl. Br. at 3.)

David could potentially recover under both a statutory and/or common law theory of negligence. *See Henry v. Brown*, 495 A.2d 324, 327 (Me. 1985). In both cases,

---

[1] In this case, in lieu of providing a separately titled section of additional facts, David refers generally to his affidavit for additional facts in opposition to Kathleen's Motion.

however, a prima facie case of negligence must be established. Accordingly, David must show:

> That a duty was owed, the duty was breached and the plaintiff's injuries or damages were proximately caused by the breach of that duty. Whether a duty exists is a question of law that we review de novo. A duty is an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another. The question of whether the duty has been breached is generally for the fact-finder.

*Parrish v. Wright*, 2003 ME 90, ¶ 18, 828 A.2d 778, 783 (internal citations and quotations omitted).

The Law Court has stated that "a reasonable person is required to know the habits and propensities of animals and, insofar as that knowledge would lead him to identify as customary or normal a particular action on the part of an animal, he is required to anticipate that act and provide against it." *Henry*, 495 A.2d at 327 (*citing* Restatement (Second) of Torts § 302 cmt. d). In this case David has presented no material facts to indicate that Kathleen knew or should have known that Molly would bite David under any circumstances. Thus, there was no foreseeable harm and no duty to protect. Accordingly, David has failed to make a prima facie case of negligence and summary judgment in favor of Kathleen is appropriate.

## CONCLUSION

Summary Judgment is granted to Defendant for failure of Plaintiff to make a prima facie case of negligence.

Dated:     June 12, 2008

James Audiffred, Esq. - PL
Mark Dunlap, Esq. - DEF

G. Arthur Brennan
Justice, Superior Court

4