STATE OF MAINE
CUMBERLAND, ss

SHARON RAMSAY,

Plaintiff

v.

SCOTT DUBE pro ami MADDISON
DUBE, a minor child, SCOTT DUBE,
SHEILA DUBE, and ALYSSIA
BRYANT,

Defendants

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-131

FEB 16 2018

RECEIVED
4:2 pm

ORDER ON DEFENDANTS'
MOTIONS FOR SUMMARY
JUDGMENT

Before the court are two motions for summary judgment filed by defendants Scott Dube,

Maddison Dube, Sheila Dube, and Alyssia Bryant. For the following reasons, the motions are

denied.

Facts

Plaintiff, Sharon Ramsay, has owned and ridden horses since she was four years old and

has boarded horses at the Timber Ridge Farm (the farm) for nearly 20 years. (Pl.'s First Add.

S.M.F. ¶¶ 1-2.) On January 1, 2016, plaintiff was boarding her horse, Maggie, at the farm. (Pl.'s

First Add. S.M.F. ¶ 2.) On that date, plaintiff went to the farm to tend to and ride Maggie. (Defs.

Dubes' Supp'g S.M.F. ¶ 2.) While at the farm, a horse named Ren bit plaintiff. (Defs. Dubes'

Supp'g S.M.F. ¶ 3.) Ren was not up to date on his rabies vaccine. (Defs. Dubes' Supp'g S.M.F. ¶

6, 8; Pl.'s Add. S.M.F. ¶¶ 11, 16.) On January 4th, 2016, plaintiff began the rabies vaccination

protocol, which lasted two weeks. (Pl.'s First Add. S.M.F. ¶ 22-23.)

When Ren bit plaintiff, the horse was being leased to defendant Sheila Dube by defendant

Alyssia Bryant. (Defs. Dubes' Supp'g S.M.F. ¶ 5.) The lease had a three-month trial period after

which defendant Sheila Dube had the option to purchase or return Ren to defendant Bryant. (Defs.

1

Dubes' Supp'g S.M.F. ¶ 5; Pl.'s Reply to Defs. Dubes' Supp'g S.M.F. ¶¶ 8, 10; Def. Bryant's Reply. S.M.F. ¶ 10.) On December 3, 2015, defendant Bryant informed defendant Maddison Dube that Ren was not up to date on his rabies vaccine. (Defs. Dubes' Supp'g S.M.F. ¶ 6.) Ren's rabies vaccination expired three months before the defendants Dubes' lease began. (Pl's First Add. S.M.F. ¶ 11.) On December 29, 2015, defendant Maddison Dube scheduled Ren a rabies vaccination for January 4, 2016. (Defs. Dubes' Supp'g S.M.F. ¶ 8.) Defendants assert that no one had ever known Ren to be aggressive. (Defs. Dubes' Supp'g S.M.F. ¶ 10; Def. Bryant's Supp'g S.M.F. ¶ 10.) Plaintiff contends that one of the defendants told a Center for Disease Control investigator that Ren was aggressive. (Pl.'s Add. S.M.F. (Dube) ¶¶ 20-21.)

Doreen Metcalf owns and operates the farm. (Pl's Add. S.M.F. (Dube) ¶ 4.) Ms. Metcalf has run a boarding facility for over thirty years and boards between sixteen and eighteen horses at a given time. (Pl.'s Add. S.M.F. (Dube) ¶ 5.) In Ms. Metcalf's experience, horse-owners generally administer rabies vaccinations once a year. (Pl.'s Add. S.M.F. (Dube) ¶ 6.) Defendant Bryant also runs a boarding facility and trains horses. (Pl.'s Add. S.M.F. (Bryant) ¶ 15.) Defendant Bryant's horses receive rabies vaccinations once a year in accordance with common practice and veterinary recommendations. (Pl.'s Add. (Bryant) S.M.F. ¶ 16.)

On March 23, 2017, plaintiff filed a complaint against defendants. Plaintiff alleges three causes of action: count I, common law strict liability;[1] count II, negligence; and count III, statutory liability pursuant to 7 M.R.S. § 3961. On March 23, 2017, defendant Bryant filed an answer. On April 18, 2017, defendants Dubes filed an answer. On June 26, 2017, defendant Bryant filed a cross-claim against defendants Dubes. In her cross claim, defendant Bryant alleges two causes of

---

[1] As discussed below, Maine recognizes common law strict liability for abnormally dangerous domestic animals. See Morgan v. Marquis, 2012 ME 106, ¶ 7, 50 A.3d 1(dog); Restatement (Second) of Torts § 509 (1977). Strict liability in cases involving horses is narrowed by the Equine Activities Act. 7 M.R.S. § 4103-A(1) (2016); Restatement (Second) of Torts § 285 (1965).

2

action: count I, breach of contract; and count II, negligence. On July 10, 2017, defendants Dubes filed an answer to the cross-claim.

On November 3, 2017, defendants Dubes filed a motion for summary judgment. On November 29, 2017, plaintiff filed an opposition. On December 4, 2017, defendant Alyssia Bryant filed a motion for summary judgment. On December 13, 2017, plaintiff filed an opposition to defendant Bryant's motion. On December 15, 2017, defendants Dubes filed a reply to plaintiff's opposition. On December 21, 2017, defendant Bryant filed a reply to plaintiff's opposition.

Standard of Review

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Lougee Conservancy v. CityMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). Summary judgment may be entered for defendant if the facts are not in dispute or the evidence is insufficient to support a verdict for plaintiff as a matter of law. Curtis v. Porter, 2001 ME 158, ¶ 7, 784 A.2d 18.

Analysis

Defendants argue in both motions for summary judgment that (1) Maine's Equine Activities Act confers to them immunity from liability for damages resulting from the horse bite; (2) that plaintiff has failed to set forth a prima facie claim of negligence; and (3) that defendants did not owe plaintiff a duty of care. 7 M.R.S. § 4103-A (2016).

Plaintiff argues that defendants are not immune from suit because the risk of contracting rabies is not an inherent risk of participating in equine activities and because defendants acted with

3

reckless disregard for the safety of others when they failed to timely vaccinate Ren. Plaintiff also argues that she has set forth a prima facie claim of negligence and that all defendants owed her a duty to exercise reasonable care.

### 1. Immunity Under the Equine Activities Act

The Equine Activities Act grants broad immunity to persons engaged in equine activities as follows:

> Except as provided in subsection 2, an equine activity sponsor, an equine professional or any other person engaged in an equine activity is not liable for any property damage or damages arising from the personal injury or death of a participant or spectator resulting from the inherent risks of equine activities. Except as provided in subsection 2, a person may not make any claim or recover from any person for any property damage or damages for personal injury or death resulting from the inherent risks of equine activities. Each participant and spectator in an equine activity expressly assumes the risk and legal responsibility for any property damage or damages arising from personal injury or death that results from the inherent risk of equine activities.

7 M.R.S. 4103-A(1) (2016). Subsection 2, contains an exception to immunity as follows:

> Nothing in subsection 1 prevents or limits the liability of an equine activity sponsor, an equine professional or any other person engaged in an equine activity, if the equine activity sponsor, equine professional or person . . . (C) Commits an act or omission that constitutes reckless disregard for the safety of others and that act or omission caused the injury. For purposes of this section, "reckless" has the same meaning as "recklessly, defined in Title 17-A, section 35, subsection 3, paragraph A . . . .

7 M.R.S. 4103-A(2) (2016). Subsection 2 thus clarifies that even where the injury resulted from an inherent risk of equine activities, a participant may still recover if the injury was caused by recklessness.

The parties do not dispute that defendants were persons engaged in equine activities or that plaintiff was a "participant." The parties dispute whether plaintiff's injuries resulted from an inherent risk of equine activities and, if so, whether the failure to maintain an active rabies vaccination constitutes reckless disregard for the safety of others.

4

Injuries resulting from horse bites are an inherent risk of equine activities. 7 M.R.S. § 4101(7-A)(A) (2016). There is no dispute in this case that plaintiff received the complained of injuries as a result of being bitten by Ren. The fact that defendants' alleged negligence may have been a substantial factor contributing to the severity of the injury does not change the fact that the injury and attendant medical care were a result of the bite. Unless an exception to immunity applies, there is no liability for the failure to use reasonable care to mitigate an injury that results from an inherent risk of equine activities. See Perry v. Whitley County 4-H Clubs, Inc., 931 N.E.2d 933, 939-40 (Ind. Ct. App. 2010) (Interpreting Ind. Code §§ 34-6-2-69; 34-31-5-1; 34-31-5-2). Accordingly, defendants will be immune from suit unless an exception to immunity applies.

"Reckless has the same meaning as 'recklessly'" as defined in the criminal code. 7 M.R.S. § 4103-A(2)(C). "Recklessly" is defined in the criminal code as follows:

> A person acts recklessly with respect to a result of the person's conduct when the person consciously disregards a risk that the person's conduct will cause such a result . . . For purposes of this subsection, the disregard of the risk, when viewed in the light of the nature and purpose of the person's conduct and the circumstances known to the person, must involve a gross deviation from the standard of conduct that a reasonable prudent person would observe in the same situation.

17-A M.R.S. § 35 (2016). Whether a person's conscious disregard of a risk involves a gross deviation from the standard of care that a reasonable person would have observed is a question of fact. State v. Harrington, 440 A.2d 1078, 1081 (Me. 1982) (Violette, J., dissenting); see also Estate of Smith v. Cumberland County, 2013 ME 13, ¶ 17, 60 A.3d 759 ("Whether a person breached his or her duty of care is a question of fact.")

In this case plaintiff has produced evidence that Ren had not received an annual rabies vaccination, that defendants were aware Ren was not up to date on his rabies vaccination, and that it is a common practice for equine owners to obtain annual rabies vaccinations. Defendants argue that there is no statutory law requiring equine owners to obtain rabies vaccinations. A genuine

5

issue of material fact exists regarding whether defendants acted with reckless disregard for the safety of others when they failed to maintain an active rabies vaccination for Ren.

### 2. Plaintiff's Prima Facie Case of Negligence.

Defendants argue that plaintiff has failed to set forth a prima facie claim of negligence due to the lack of any notice that Ren was a dangerous horse. Defendant's also argue they had no duty to vaccinate their horse for rabies because there is no statute requiring rabies vaccinations for horses. Plaintiff argues that "dangerous propensity" evidence is not necessary to establish a negligence claim.

At common law, an owner of a domestic animal is held strictly liable for injuries caused by the abnormally dangerous propensities of the animal. Morgan v. Marquis, 2012 ME 106, ¶ 7, 50 A.3d 1. The owner, however, must know or have reason to know of the animal's abnormally dangerous propensity. Id. In contrast to a strict liability claim, a plaintiff bringing an ordinary negligence claim for damages done by a dog must show only duty, breach, and causation. Id. ¶ 10. There is no requirement that the owner must know the dog has an abnormally dangerous propensity. Id. ¶¶ 10-11. Instead, a plaintiff in an ordinary negligence case may show that the defendant should have known about the danger posed by the dog. Id.; Henry v. Brown, 495 A.2d 324, 327 (Me 1985)

In this case, defendants had a duty to protect participants engaged in equine activities from an unreasonable risk of harm posed by the foreseeable actions of Ren. See Morgan, 2012 ME 106, ¶ 10, 50 A.3d 1. Horse bites are an inherent risk of equine activities, 7 M.R.S. § 4101, and defendants were aware that Ren had not received an annual rabies booster. At trial, plaintiff may argue that defendants should have been aware of Ren's potential to bite an equine activity participant at the stable were Ren was boarded. See Morgan, 2012 ME 106, ¶ 11, 50 A.3d 1. In

6

light of the absence of any statutory obligation to vaccinate horses, whether defendants' failure to vaccinate Ren conforms to the standard of care that a reasonably prudent person would exercise is a question of fact for the jury. See Restatement (Second) of Torts § 285 cmt. g (1965) ("If no standard of obligatory conduct has been established by a legislative enactment . . . the jury must itself define the standard of the reasonable man"). Plaintiff has established a prima facie claim of negligence and raised a genuine issue of material fact concerning whether defendants breached the duty owed to plaintiff. See Morgan, 2012 ME 106, ¶¶ 10-11, 50 A.3d 1.

### 3. Defendant Bryant's Duty to Plaintiff

Defendant Bryant argues that she did not own Ren at the time of the bite and therefore did not owe any duty to plaintiff. Plaintiff argues that Bryant was merely leasing Ren to the Dubes at the time of the bite and therefore still retained an ownership interest in Ren. The owner or keeper of an animal that causes an injury to a person is civilly liable for the damage caused by the animal if the injury was occasioned by the owner or keeper's negligence. 7 M.R.S. § 3961(1) (2016). The purchase and sale agreement executed on December 17, 2015, by defendants Bryant and Sheila Dube specifies that defendant Sheila Dube was leasing Ren for a three-month trial period, after which she had the option to purchase Ren. When the bite occurred, defendant Bryant still retained an ownership interest in Ren.

As the owner of the horse, defendant Bryant had a duty to protect participants engaged in equine activities from an unreasonable risk of harm posed by the foreseeable actions of Ren. See id.; Morgan, 2012 ME 106, ¶ 10, 50 A.3d 1. Whether defendant Bryant breached this duty by failing to take any steps beyond warning the defendants Dubes that Ren was not vaccinated for rabies and informing defendant Maddison Dube that she was responsible for obtaining the vaccinations is a question of fact for the jury. See Morgan, 2012 ME 106, ¶ 10, 50 A.3d 1. Plaintiff

7

has thus raised a genuine issue of material fact regarding defendant Bryant's liability for plaintiff's injuries.

The entry is

> Defendants Scott Dube, pro ami Maddison Dube, Scott Dube, and Sheila Dube's Motion for Summary Judgment is DENIED.
>
> Defendant Allyssia Bryant's Motion for Summary Judgment is DENIED.

Date: February 16, 2018

Nancy Mills
Justice, Superior Court