ALBERT H. KNOWLES, ET AL.
*vs.*
LAWRENCE JENNEY

Kennebec.    Opinion, August 10, 1961.

*Richard B. Sanborn,* for plaintiff.

*Peter Kyros,*
*James L. Reid,* for defendant.

SITTING: WILLIAMSON, C. J. WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

DUBORD, J. This case is before the court upon an appeal by the defendant under the provisions of M.R.C.P. 73.

The complaint filed by the plaintiffs was substantially as follows. It was alleged that they were the owners of a certain commercial garage together with equipment contained therein; that the defendant left a certain motor vehicle at their garage for the purpose of having certain work performed upon it; that the vehicle was defective in respect to the electrical system; that said defect was known to the defendant; that he failed to inform the plaintiffs thereof; that as a result of the defect the motor vehicle caught fire resulting in complete destruction of the garage and contents.

Upon denial of liability on the part of the defendant, the cause was heard by a jury which returned a verdict for the plaintiffs. It is from this finding that the defendant has appealed.

Important questions of pleading having been presented by the record and argument of counsel thereon, we first give our consideration to this phase of the case.

The pertinent chronology of defendants' pleadings is as follows:

At the conclusion of the presentation of plaintiffs' evidence, the defendant made a motion for a directed verdict. No specific grounds for this motion were stated. The motion was denied and the defendant then presented his evidence. At the close of the presentation of his evidence, the defendant did not renew his motion for a directed verdict.

The jury returned a verdict for the plaintiffs.

Defendant then seasonably addressed a motion to the presiding justice for a new trial. This motion was denied.

The next step on the part of the defendant was the presentation of a notice of appeal which was seasonably filed. This notice read as follows:

> "Notice is hereby given that Lawrence Jenney, defendant above named, hereby appeals to the Law Court from a Judgment for the Plaintiffs in this action on July 1, 1960, defendant having filed a Motion for a New Trial on July 7, 1960, and the Court having denied said Motion for a New Trial by Order dated August 8, 1960."

Next followed a filing of Statement of Points on the part of the defendant which were as follows:

> "(1)  The Trial Court should have granted the motion for a directed verdict at the close of the Plaintiffs' case because no right to relief for the Plaintiffs was proven by the evidence.
>
> "(2)  The motion for a new trial made by the Defendant should have been granted because, upon all the evidence, the Plaintiffs were without right to relief:
>
> "(a)  Because no negligence on the part of the Defendant was proven by preponderance of the evidence.
>
> "(b)  Because the negligence of the Plaintiffs was proven by the preponderance of the evidence."

In his brief in behalf of the plaintiffs, counsel raises the following issues of law:

(1) If a motion for a directed verdict does not set forth the grounds therefor, its denial is not reviewable; (2) if a motion for a directed verdict on the part of the defendant is not renewed at the close of all the evidence, it is not reviewable; (3) if an appeal is taken from a judgment, the statement of points cannot present as grounds for the appeal the denial of a motion for new trial; (4) a denial of a motion for a new trial is not reviewable; (5) a review should not go beyond the issues raised in the statement of points, and (6) the position of the defendant in his statement of points that the plaintiffs must prove their case by the preponderance of the evidence is incorrect.

The answer to the first and second issues of law presented by the plaintiffs is found in M.R.C.P. 50 (a) and the commentary thereon in Maine Civil Practice, Field & McKusick, § 50.1. Rule 50 (a) reads as follows:

"A motion for a directed verdict may be made at the close of the evidence offered by an opponent or at the close of all the evidence. A party who moves for a directed verdict at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for a directed verdict which is not granted is not a waiver of trial by jury even though all parties to the action have moved for directed verdicts. *A motion for a directed verdict shall state the specific grounds therefor.*" (emphasis supplied.)

"A motion for a directed verdict may be made at the close of the opponent's evidence or at the close of all the evidence. The motion may be oral but whether oral or in writing the specific grounds therefor must be stated. The grounds need not be

> stated with technical precision but should be sufficiently stated to inform the court fairly as to the moving party's position. * * * The defendant may move for a directed verdict at the close of the plaintiff's case without resting. If the motion is denied, he may proceed with his own evidence just as though the motion had not been made. Doing so, however, operates as a waiver of any rights on the motion. The motion must be renewed at the close of all the evidence, and will be decided upon the basis of the evidence as it then stands. * * * A motion for directed verdict at the close of the evidence is essential in order to preserve for appeal the question of the sufficiency of the evidence." § 50.1 Maine Civil Practice, Field & McKusick.

The defendant, having failed to allege specific grounds in support of his motion for a directed verdict at the close of plaintiffs' case, and having failed to renew the motion at the close of the case, is now precluded from pressing any argument relating to the denial of his motion.

The third, fourth, and fifth points of law raised by the plaintiffs can be considered together. Plaintiffs contend that a denial of a motion for a new trial is not reviewable. In view of the position which this court proposes to take, while a determination of this issue is perhaps unnecessary, we do not agree with this contention of the plaintiffs that the denial of such a motion, properly made, is not reviewable.

We quote from Maine Civil Practice, Field & McKusick, § 59.4.

> "It is better practice under the Maine Rules to appeal from the judgment and not from denial of the motion. This should invariably be the step taken if there is any other alleged error in the record. It is believed, however, that an appeal also lies directly from the denial of the motion. (1) Such was the effect of the prior practice under R. S., c. 113, § 60. (2) The Reporter's Notes state

firmly that the moving party does not 'lose the right he now has for the Law Court to pass upon it [the new trial motion],' and that 'his only loss would appear to be the time spent in arguing the motion and the slight delay in getting to the Law Court.' (3) There is nothing in the rules or statutes specifically negating the right. (4) As pointed out above, a denial of justice inconsistent with the spirit of the rules may otherwise result."

As to the third and fifth issues of law raised by the plaintiffs, the answer is found in the appeal itself. A study of the notice of appeal indicates that the appeal is limited to the judgment itself, the first sentence reading as follows:

"Notice is hereby given that Lawrence Jenney, defendant above named, hereby appeals to the Law Court from a judgment for the plaintiffs in this action."

The notice then goes on to make reference to the denial of the motion for a new trial, but does not specifically appeal therefrom.

Not having appealed from the denial of the motion for a new trial the defendant is precluded in respect to this portion of the case.

There is left for our consideration, therefore, the question of whether or not the statement of points filed by the defendant is adequate to permit consideration of the case upon its merits.

It is to be noted that subparagraphs (a) and (b), Paragraph (2) of statement of points, are tied in with an allegation relating to the denial of the motion for a new trial. In these subparagraphs (a) and (b) defendant alleges that the negligence of the defendant was not proven by a preponderance of the evidence and that the negligence of the plaintiffs was proved by the preponderance of the evidence.

The position taken by the plaintiffs is that these statements on the part of the defendant do not set forth the law applicable to a review by this court of a jury verdict. Moreover, these two subparagraphs are not specifically set forth as reasons for overturning the jury verdict.

We are constrained to state that the statement of points is inadequate and inconsistent with the appeal from the judgment. A strict compliance with the rules would not permit its consideration. However, because we are still in the transition period from the old to the new rules (*albeit this period is drawing to a close*), we have decided to give consideration to the issue of the appeal from the judgment itself.

In reaching this conclusion we are actuated by the provisions of M.R.C.P. 75 (d) and § 75.7, Maine Civil Practice, Field & McKusick.

> "The appellant shall serve with his designation a concise statement of the points on which he intends to rely on the appeal, and any point not so stated may be deemed waived. No such statement shall be deemed insufficient if it fairly discloses the contentions which the appellant intends to urge before the Law Court." M.R.C.P. 75 (d).

Section 75.7, *supra,* reads in part as follows:

> "Although the appellant is required to file a statement of points this requirement should be applied in a manner to produce substantial justice. The rules do not intend to reinstate in another form the technical refinements of bills of exceptions. Rule 75 (d) itself declares that no such statement of points 'shall be deemed insufficient if it fairly discloses the contentions which the appellant intends to urge before the Law Court.' Failure to serve the statement of points may, within the Law Court's discretion, be the basis for dismissal of the appeal for want of diligent prosecution. The test, however, should be whether the other parties

have been prejudiced by appellant's failure to file any statement of points or to include a substantial question raised by the record."

We shall, therefore, give consideration to defendant's appeal from the judgment in accordance with the rules laid down in a multitude of opinions of this court in cases where motions for a new trial were presented on the grounds that the verdict was against the evidence.

While preponderance of the evidence upon the issue of negligence and contributory negligence is the basis of a proper instruction to a jury at the close of a trial, this is not the approach for this court in considering whether or not a jury verdict should be overturned.

On many occasions this court has said that a verdict shall not be overturned unless so manifestly erroneous as to make it apparent it was produced by prejudice, bias, or mistake of law or fact; or unless there was palpable and gross error; unless it is plain that the jury have drawn conclusions unauthorized by proof; unless the verdict is clearly and manifestly wrong. We have also said that where the evidence presented leaves only a question of fact about which intelligent and conscientious men might differ, the Law Court will not substitute its judgment for that of the jury. The verdict of a jury must stand unless there is a moral certainty that the jury erred. A verdict will stand where the judgment of the jury was honestly exercised. The evidence in a case must be viewed in the light most favorable to the successful party. This court has also said that a verdict will not be lightly set aside; and that the burden of proving a verdict is manifestly wrong is on the party seeking to set such verdict aside. Of course, a verdict based upon incredible evidence cannot stand, nor will a verdict founded on guesswork or speculation be permitted to stand. In summary the law is that a verdict will be overturned only when it is plainly without support in the evidence.

Plaintiffs instituted and prosecuted this action upon the legal theory that where a bailor delivers an article to another for work to be performed upon it, the bailor owes to the bailee a duty to disclose any condition of the chattel known to him, and unknown to the bailee from which danger to the bailee, his property, or his servants might reasonably be anticipated during the work upon the chattel, and that if he fails to give such warning, he is liable for injuries resulting therefrom without negligence on the part of the bailee.

This theory appears to be well founded.

> "In bailments locatio operis faciendi, where the bailor delivers an article to another for work to be performed upon it, as in the case of a chattel left to be repaired, there is authority for the rule that the bailor owes to the bailee a duty to disclose any condition of the chattel known to him, and unknown to the bailee, from which danger to the bailee, his property, or his servants might reasonably be anticipated during the work upon the chattel in the manner known to be intended, and if he fails to give such warning, he is liable for injuries resulting therefrom without negligence on the part of the bailee. It seems, however, that the bailor's duty ceases with such notification; he is not bound further to tell or teach the bailee how to avoid the danger. Moreover, as to a defective or dangerous condition of the chattel at the time of the bailment, of which condition the bailor has no actual knowledge, his only duty to the bailee is to exercise ordinary care, and where it does not appear that he failed in this duty he is not liable for injuries resulting from such condition." 6 Am. Jur., (Rev Ed), Bailments, § 199.

See also *Stroud* v. *Southern Oil Transportation Co.*, (N.C.) 3 S.E. (2nd) 297, 122 A.L.R. 1018; *Rogoff* v. *Southern New England Contractors Supply Co., Inc.*, 129 Conn. 687; 31 A. (2nd) 29; *Blum* v. *Shrock* (Ind.), 10 N.E. (2nd) 752; *Cornett* v. *Hardy* (Texas) 241 S. W. (2nd) 186.

The foregoing rule is qualified to some extent by opinions to the effect that:

> "While the owner of an automobile, delivering it to a repairman for repairs, owes to him the duty to disclose to him any defects in the mechanism which may render it unsafe or dangerous of which such owner has knowledge, such owner does not owe to him the duty to employ the skill of an expert mechanician to make an examination to discover such defect before delivering the automobile for repairs." 7A Blashfield Cyclopedia of Automobile Law and Practice § 5011, Page 534.

Defendant contends that there is no liability under the doctrine of reasonable anticipation of injury or foreseeability of risk; that the evidence does not support a finding that any act on the part of the defendant was a proximate cause of the destruction of the garage and its contents by fire; and that in any event the plaintiffs were guilty of contributory negligence which precluded recovery.

Taking up first the issue of contributory negligence, a study of the record indicates to us that the jury were justified in finding no negligence on the part of the plaintiffs.

As to the issue of proximate cause, there is evidence to indicate that when the fire was first discovered it was in defendant's automobile and centered in the motor area in close proximity to the defective voltage regulator; that from there the fire spread to the garage itself; that such a defect as was present in the regulator can and does cause fire; and that there was no indication or suggestion of any other defects or conditions in or around the motor which also might cause fire. Therefore, upon this issue we are satisfied that the jury could draw a reasonable inference that the fire was produced by the defective regulator and were entitled to find a causal connection between the known defect in defendant's automobile and the fire which ensued.

Defendant is on sound ground when he argues that reasonable anticipation of injury or danger is an essential element of actionable negligence. Whether negligence exists in a particular case depends on whether or not a reasonably prudent person would have anticipated the injury or danger and provided, or guarded against it. 65 C.J.S., Negligence § 5 c. (2) (a).

It is axiomatic that one is expected to guard against only such dangers as a reasonably prudent person would be reasonably expected to anticipate.

The issue of foreseeability is discussed at length in *Hersum, Admr.* v. *Kennebec Water District,* 151 Me. 256, 265, where it was said:

> "The defendant contends, however, that, even granting all of the foregoing, no negligence chargeable to it or its employees was shown and a resulting explosion in the Hersum house was too remote a consequence as to be legally foreseeable. It is not necessary that the exact injury which results from negligence be foreseeable if, in fact, injury in some form should have been anticipated as a probable consequence of the negligence and, viewing the occurrence in retrospect, the consequences appear to flow in unbroken sequence from the negligence. *Barbeau* v. *Buzzards Bay Gas Co.,* 308 Mass. 245, 31 N. E. (2nd) 522. As was stated in *Ill. C. R. Co.* v. *Siler,* 229 Ill. 390, 394, 82 N. E. 362, 'If the consequences follow in unbroken sequence from the wrong to the injury without an intervening efficient cause, it is sufficient if, at the time of the negligence the wrongdoer might, by the exercise of ordinary care, have foreseen that some injury might result from his negligence.' *McClure* v. *Hoopeston Gas & E. Co.,* 303 Ill. 89, 135 N. E. 43, 25 A.L.R. 250, 259 annotated."

Viewed in the light most favorable to the plaintiffs, the jury could have found that about mid-afternoon on March 3, 1960, the defendant left his car with the plaintiff, Albert

H. Knowles, at his garage, for the purpose of having his brakes relined; that at the time in question there was a serious defect in the electrical system of defendant's automobile; that he was aware of this defect and that he did not inform the plaintiffs thereof; that a defect such as existed in defendant's motor vehicle could start a fire; that because of the defect a fire did start in the automobile which spread to the plaintiffs' garage and resulted in complete destruction of the building and its contents. The jury could also have found the defendant was unlike an ordinary motor vehicle owner who might not apprehend the likelihood and probability that the defect could readily start a fire, but because of experience previously acquired, he had special knowledge of the inherent danger created by the nature of the trouble in the electrical system of his automobile.

A careful study of the evidence convinces us that the verdict is not manifestly wrong and that the defendant has failed to sustain the burden of proving that it is erroneous.

The entry will be:

> *Appeal denied.*
>
> *Judgment below affirmed.*