Robina SEIDERS

v.

Michele TESTA, Jr. and Joseph M.
Testa, d/b/a Testa's Hotel and
Restaurant.

Supreme Judicial Court of Maine.

Argued March 7, 1983.

Decided Aug. 25, 1983.

Hale & Hamlin by Barry K. Mills (orally),
Blue Hill, for plaintiff.

Mitchell & Stearns by John W. Ballou
(orally), Bangor, for defendant.

Before McKUSICK, C.J., GODFREY,
NICHOLS, CARTER * and WATHEN, JJ.,
and DUFRESNE, A.R.J.

* Carter, J., sat at oral argument and participated in the initial conference but resigned before this opinion was adopted.

DUFRESNE, Active Retired Justice.

After a jury trial in the Superior Court (Hancock County), plaintiff Robina Seiders was awarded $15,000.00 to compensate her for injuries proximately caused by the negligence of the defendants, owners and operators of Testa's Hotel and Restaurant in Bar Harbor. Motions for a directed verdict and for judgment notwithstanding the verdict were denied by the trial justice, and the defendants have appealed to this Court. They claim that there was no evidence in the record from which the jury could rationally have concluded that the defendants were negligent. We disagree, and affirm the judgment of the Superior Court.

From the testimony presented at trial, the jury could rationally have found that the following events occurred on Monday, August 17, 1970. It was about 9:30 in the morning, when plaintiff Robina Seiders and her friend Mildred Leavitt entered Testa's Restaurant for breakfast. Robina Seiders was then 65 years of age and in good health. The restaurant was furnished with booths and free-standing tables; the tables and chairs were made of rattan, a light wicker-like material. The plaintiff and her friend were seated by the restaurant's hostess at the middle table in a row of three tables in the center of the dining room.

Each of these tables had four chairs to accommodate four people. The restaurant was fairly busy at that particular time, but the table closest to the plaintiff's own table was empty.

▪ After she finished her breakfast, Mrs. Seiders tried to push her chair back from the table to stand up. She found, however, that she was unable to do so, because the back of another diner's chair, in which another person was seated, by then stood directly behind her own chair, making it impossible for her to push back far enough to remove herself from the table. She explained it this way:

> Well, when I stood up and tried to push the chair back, I couldn't push it back because it struck the chair behind me. And I tried to step out but in the meantime my leg caught between the table— the leg of the chair and the leg of the table, it caught in between and I couldn't get the leg through and I made a grab for the table and I went over with it.

Asked if she actually saw the person whose chair was in her way, the plaintiff replied, "Yes, I did see in a glimpse."[1] The plaintiff's fall resulted in a broken hip, which caused her to incur substantial medical ex-

---

1. Insofar as the defendants contend that there was not enough evidence in the record to support a jury finding that it was another diner's chair that prevented the plaintiff from standing up and leaving her table safely, we believe the quoted testimony is clear and definite enough to support such a finding, upon which necessarily depends the jury's ultimate conclusion of negligent conduct on the part of the defendants proximately causing the plaintiff's injuries for which the jury allowed compensatory damages.

In the instant case, there was credible evidence to justify the jury in finding for the plaintiff, whose testimony so impressed them, as it apparently did, that they accepted it as true. In such circumstances, we think the verdict should stand. *Archibald v. Queen Insurance Company,* 115 Me. 564, 99 A. 771 (1917). Under well recognized rules, the verdict of a jury stands unless manifestly wrong and the Law Court takes the evidence in the light most favorable to the successful party. *Ogden v. Libvy,* 159 Me. 485, at 485–86, 195 A.2d 414, at 414–15 (1963). *See also Knowles v. Jenney,*

157 Me. 392, 399, 173 A.2d 347, 351 (1961). The defendants argue that the accident could not have happened in the manner described by the plaintiff. As in *Ogden, supra,* they place too much reliance upon exactness in detail respecting the alleged display of the reference light tables at the time the plaintiff was seated in the restaurant. The jury's underlying finding that, as the plaintiff was getting up to leave the table, her chair when pushed back struck the chair of a fellow diner causing her to lose her balance and fall, provided a sound and rational basis from which the jury under all the surrounding circumstances might reasonably and properly conclude that there was negligent conduct on the part of the restaurant owners' employees in failing to maintain a reasonably safe place for one of the patrons of their establishment. This evidence cannot be characterized a "mere scintilla" as in *Jordan v. Portland Coach Co.,* 150 Me. 149, 150, 107 A.2d 416, 417 (1954), nor "pure conjecture" as in *Freeport Sulphur Co. v. Portland Gas Light Co.,* 135 Me. 408, 416, 198 A. 606, 610 (1938).

penses and to suffer continuing pain and disability.

■ The jury, after being properly instructed, found that both, the plaintiff and the defendants, were guilty of negligence, that their respective negligence proximately contributed to the plaintiff's injury, but that the negligence of the defendants was greater than that of the plaintiff. The jury further found that Mrs. Seiders' total damages were $25,000.00; her award was reduced to $15,000.00 on account of her own fault.[2] On the evidence in this record, we cannot say that the jury's verdict was "manifestly wrong"; the trial justice, therefore, did not err in denying the defendants' motions to set aside the verdict. *See Barry v. Gurin,* 405 A.2d 739, 740 (Me. 1979) (quoting *Ogden v. Libby,* 159 Me. 485, 485–86, 195 A.2d 414, 414–15 (1963)).

■ A restaurant owner or operator owes a duty of care to business invitees such as Robina Seiders; the owner must exercise reasonable care to ensure that the premises are reasonably safe for use by patrons. Ordinarily, the determination of whether a defendant has exercised reasonable care in the circumstances of a particular case is left to the jury. In *Jackson v. Frederick's Motor Inn,* 418 A.2d 168 (Me. 1980), we upheld a jury verdict against a motel-restaurant complex, where the plaintiff, a physically disabled woman, was jostled by a crowd in the motel lobby and shoved forward by an unidentified person, causing her to stumble over a chair and fall to the floor. We held that the jury in *Jackson* was justified in finding the defendant negligent in "not foreseeing the unruly departure of [a] large group of patrons anxious to leave the premises and in not removing a piece of furniture that impeded the movement of a great number of people." 418 A.2d at 172. Just so, in the case at bar, the jury rationally could have found the defendants negligent, either in placing their tables and chairs in such a configura-

tion that the plaintiff was likely to encounter the obstacle that she did while attempting to arise, or in failing to foresee that patrons could easily move the lightweight tables and chairs around so as to bring about the same result. The defendants here, as in *Jackson,* may be charged, not only with maintaining reasonably safe premises for an individual patron, but also with anticipating the reasonably foreseeable actions of other patrons and the effects of those actions upon the safety of the dining room.

■ A motion for a directed verdict or a judgment notwithstanding the verdict, made by a defendant, "should not be granted, if the evidence together with every reasonable inference arising therefrom, when viewed in the light most favorable to the plaintiff, presents a proper issue for jury determination." *Jackson,* 418 A.2d at 171. The factual issues of the circumstances surrounding plaintiff's fall and of defendants' negligence in permitting those circumstances to arise were properly left to the jury.

The entry is:

Judgment affirmed.

All concurring.

---

2. *See* 14 M.R.S.A. § 156 (1980).