**Wendell LEWIS**

v.

**Robert PENNEY, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 23, 1993.

Decided Oct. 22, 1993.

Guy P. Seaberg (orally), Freeport, for plaintiff.

Thomas Monaghan (orally), Monaghan, Leahy, Hochadel & Libby, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

WATHEN, Chief Justice.

Plaintiff Wendell Lewis appeals from a judgment of the Superior Court (Lincoln County, *Bradford, J.*) allowing recovery only against defendant Catherine Holcomb on a negligence claim. Plaintiff suffered injuries when knocked over by a dog owned by Holcomb and kept on property owned by defendants Robert and Waneta Penney. He sued all three defendants on claims of strict liability pursuant to 7 M.R.S.A. § 3651 [1] and of negligence. Plaintiff argues that despite the fact that the jury found him negligent, the Superior Court erred by denying him recovery on the statutory claim. Essentially Plaintiff argues that all parties agreed that comparative negligence applied to section 3651. [2] In alleged violation of that agreement, the Superior Court applied contributory negligence as a bar to the statutory claim and declined to enter judgment against any of the defendants on that claim. Finding no error, we affirm the judgment.

The facts as developed at trial may be briefly summarized as follows: In 1984 plaintiff worked as a delivery person for Washburn Lumber. On the day in question, he delivered doors to Robert and Waneta Penneys' Freeport residence for use in their construction business. As plaintiff pulled into the Penneys' driveway, he saw a dog chained by a shed. He stopped at the house and told the woman who signed the delivery slip that he feared the dog. The woman told him to put the doors near the trees if the dog caused him concern. Instead, plaintiff started piling them against some lumber, closer to the dog. Plaintiff testified that the dog broke loose and pounced on his lower back. Plaintiff fell backward and the door landed on top of him, causing lower back injuries. He pushed the door aside and finished piling the doors by the lumber. Then he left without reporting the incident to the woman at the house.

The dog was owned by Catherine Holcomb, the Penneys' adult daughter who lived with them in 1984, and she alone took care of him. She kept the dog chained to a tree behind a trailer, near the Penneys' garage and shed. She did not recall the dog being loose or being told that the dog got loose. Neither of the Penneys were home when plaintiff delivered the doors. Robert Penney worked in Bangor during the week and returned to his Freeport residence only on weekends. Waneta Penney worked from 8 a.m. to 5 p.m. at a job 45 minutes from her home. Waneta Penney testified that when she arrived home from work, the dog was on its chain.

Before the case was submitted to the jury, the attorneys discussed the statutory claim and the negligence claim in chambers. Although the record does not reveal the agreement asserted by plaintiff, it does include a discussion by the Penneys' trial counsel to the effect that he viewed contributory fault as an affirmative defense and believed that comparative negligence applied to the statutory claim. Plaintiff's counsel contends that the parties agreed off the record to draft a

---

1. The statute in effect at the time of the incident provided that:

 When a dog does damage to a person or his property, his owner or keeper, and the parent, guardian, master or mistress of any minor who owns such a dog, forfeits to the person injured the amount of the damage done, provided the said damage was not occasioned through the fault of the person injured, to be recovered by a civil action.

 7 M.R.S.A. § 3651 (1964), *repealed by* P.L.1987, ch. 383, § 2.

 In 1987, the legislature replaced section 3651 with the similar 7 M.R.S.A. § 3961. The new section provides that:

 When a dog does damage to a person or his property, the owner or keeper of the dog is liable in a civil action to the person injured for the amount of damage done, provided that the damage was not occasioned through the fault of the person injured.

 7 M.R.S.A. § 3961.

2. We have held that any fault by plaintiff bars recovery under section 3651. *Henry v. Brown,* 495 A.2d 324, 325 (Me.1985); *Pettitt v. Lizotte,* 454 A.2d 329, 335 (Me.1982).

special verdict form that would apply comparative negligence principles to both the statutory and negligence claims. Defense counsel denied reaching such an agreement. The record does reflect that following the conference, defense counsel agreed to draft a special verdict form. That verdict form did not explicitly apply comparative negligence to the statutory claim.[3]

The presiding justice instructed the jury that Plaintiff must prove all elements of a claim in order to recover. He instructed that as to the elements of statutory liability, a dog owner or keeper is responsible for damage done by the dog provided that the damage did not result from the injured person's negligence. He then explained that if the jury found that one or more of the defendants qualified as an owner or keeper of the dog, then it must determine if plaintiff's injuries occurred as a result of his own negligence.

The presiding justice also gave instructions on the negligence count. He then directed:

> If you find by a preponderance of the evidence in this case that the defendants were at fault either under the statute, because we have got a verdict form with several questions on it that we are going to walk through with you here before we recess, or that the defendants were negligent, and if you also find from a preponderance of the evidence that the plaintiff was also negligent and you find that the negligence of each side was a proximate or legal cause of the plaintiff's damages, then you must apply the comparative negligence law in order to apportion first the relative degree of fault or responsibility for the damage.

The jury returned the special verdict form, finding all three defendants qualified as own-

**3.** The verdict form read as follows:

1. Was the Defendant Robert Penney the owner or keeper of a dog at the Penney premises on April 13, 1984?
 Jury vote: Yes ___ No ___
2. Was the Defendant Waneta Penney the owner or keeper of a dog at the Penney premises on April 13, 1984?
 Jury vote: Yes ___ No ___
3. Was the Defendant Catherine Holcomb the owner or keeper of a dog at the Penney premises on April 13, 1984?
 Jury vote: Yes ___ No ___
If your answers to questions 1, 2, and 3 are "No", answer no further questions. If your answer to any one of the questions is "Yes", answer questions 4, 5, and 6 and also answer question 7.
4. Was the Defendant Robert Penney guilty of negligence which was a proximate cause of the accident of April 13, 1984?
 Jury vote: Yes ___ No ___
5. Was the Defendant Waneta Penney guilty of negligence which was a proximate cause of the accident of April 13, 1984?
 Jury vote: Yes ___ No ___
6. Was the Defendant Catherine Holcomb guilty of negligence which was a proximate cause of the accident of April 13, 1984?
 Jury vote: Yes ___ No ___
If your answers to questions 4, 5, and 6 are "No", answer no further questions. If your answer to any of questions 1, 2, 3, 4, 5, and 6 is "Yes", answer question 7.
7. Was Plaintiff Wendell Lewis guilty of negligence which was a proximate cause of the accident of April 13, 1984?
 Jury vote: Yes ___ No ___

If your answer to question 7 is "Yes", answer questions 8, 9, and 10. If your answer to question 7 is "No", answer only question 11.
8. If in answer to question 4 you have found Defendant Robert Penney guilty of negligence, was Plaintiff's negligence greater than or equal to the negligence of Robert Penney?
 Jury vote: Yes ___ No ___
9. If in answer to question 5 you have found Defendant Waneta Penney guilty of negligence, was Plaintiff's negligence greater than or equal to the negligence of Waneta Penney?
 Jury vote: Yes ___ No ___
10. If in answer to question 6 you have found Defendant Catherine Holcomb guilty of negligence, was Plaintiff's negligence greater than or equal to the negligence of Catherine Holcomb?
 Jury vote: Yes ___ No ___
If your answers to questions 8, 9, and 10 are "Yes", answer no more questions. If your answer to any of questions 8, 9, and 10 is "No", answer questions 11, 12, and 13.
11. What is the Plaintiff's total damage?
 $_____ Jury vote: _____
12. What dollar amount do you deem it just and equitable, having regard to the Plaintiff's negligence, to deduct from the Plaintiff's total damage?
 $_____ Jury vote: _____
13. What amount shall the plaintiff recover? (Subtract the answer to question 12 from the answer to question 11.)
 $_____
Number of jurors concurring in verdict _____.
Number of jurors not concurring in verdict _____.

_____
Foreperson

er or keeper of the dog and finding defendant Holcomb negligent. The jury also found plaintiff negligent. The jury found plaintiff's total damages amounted to $426,-000 and reduced that amount to $350,000 to reflect his comparative fault. Immediately after the jury returned the verdict form, the Superior Court entered a judgment for plaintiff in the sum of $350,000, but failed to specify against whom the judgment was rendered.

Defendants moved for a judgment notwithstanding the verdict and for an amended judgment. The court then completed the judgment and allowed recovery against defendant Holcomb on the negligence count. He denied recovery against the three defendants on the statutory count. Plaintiff moved for and was denied reconsideration. He now appeals to this Court and argues in the alternative that there is insufficient evidence to find him negligent; that even if he were negligent, defendants agreed to apply comparative negligence not contributory negligence to section 3651; and finally that this Court's decision in *Pettitt v. Lizotte*, 454 A.2d 329, 334 (Me.1982) (any fault on the part of plaintiff bars recovery under the dog damage statute), should be overruled.

 The claim of insufficient evidence is without merit. Whether plaintiff has exercised due care is a question of fact for the jury. *Seiders v. Testa*, 464 A.2d 933, 935 (Me.1983). The jury's verdict, taken in the light most favorable to the prevailing party, stands unless manifestly wrong. *Id.* at 934 n. 1. As long as the jury rationally could reach the result it reached and its verdict is supported by credible evidence, we will not disturb that verdict on appeal. *Gurski v. Culpovich*, 540 A.2d 764, 767 (Me.1988). In this case, there was evidence that plaintiff feared the dog. He was directed to a location away from the dog, yet chose to stack the doors closer to the dog. There was also evidence that the dog was not off his chain. Taken in the light most favorable to the prevailing party, the jury's finding of plaintiff's negligence is not manifestly wrong and must stand. *Seiders*, 464 A.2d at 934 n. 1.

Plaintiff next argues that defendants agreed to apply comparative negligence to the statutory claim and waived the contributory negligence limitation set forth in the statute. The record does not reflect such an agreement and the record controls. Neither the verdict form nor the court's instructions establish the existence of an agreement to apply comparative negligence to the statutory claim. Any ambiguity in the court's instructions is offset by the court's final ruling that allowed recovery only against the negligent defendant.

 Finally, plaintiff argues that we should overturn *Pettitt v. Lizotte*, 454 A.2d 329 (Me.1982), which holds that comparative negligence principles do not apply to the dog-damage statute. *Id.* at 334–335. *See also Henry v. Brown*, 495 A.2d 324, 325 (Me.1985) (any fault by injured party bars recovery under dog-damage statute). We have no reason to deviate from the plain language of the statute nor from the rationale set forth in our prior opinions.

Because we affirm the judgment, we need not address defendants' cross-appeal.

The entry is:

Judgment affirmed.

All concurring.