STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-203
JRA - KEN - 3/5/2001

MICHELLE STEWART o/b/o
KRISTEN STEWART,

   Plaintiff

  v.

HARRISON ALDRICH, JR.,

   Defendant

DECISION AND ORDER

This matter is before the court on the defendant's motion for summary judgment by which he seeks judgment in his favor on the plaintiff's complaint.

With one significant exception, the facts in this case are not in dispute. They may be restated in an abbreviated fashion as follows:

Don and Robin Bailey rented an apartment on a month-to-month basis from the defendant, Harrison Aldrich, Jr., taking tenancy sometime in late December of 1997 or early January of 1998. They kept a dog which bit their daughter Amanda, age two, on April 24, 1998. On July 28, 1998, Kristen Stewart, age even, visited the Bailey apartment and was bit by the same dog, causing injuries to her face. The dog, an Akita, was purchased by the Baileys in the Spring of 1998 after they had moved into the apartment. There were no policies with regard to pet ownership at the apartment building where the Baileys resided, so keeping a dog there was allowed.

The parties dispute whether or not the defendant was aware of the first dog bite incident in April of 1998. This is a material dispute in this case because the plaintiff acknowledges that the defendant's liability for the dog bite upon Kristen

can only be established if he had control over the tenancy and knowledge of a dangerous condition which he had the power to remedy. The plaintiff argues that because the tenancy was month-to-month and because the defendant knew of the April dog bite, he had a duty to visitors to the apartment to terminate the lease or to take other action, which he had the power to undertake, so that visitors would not be injured by this dog. While disputing that he had knowledge of the April bite, the defendant argues that he cannot be held liable for the July bite because it occurred in the confines of the Bailey apartment where he had no control over the tenants' interactions with their visitors.

For purposes of analysis, the court will assume the defendant's knowledge of the April dog bite, even though this is properly disputed, because, if the plaintiff cannot prevail as a matter of law with this additional fact in her favor, summary judgment may be granted for the defendant. By the same token, if, with these facts, the plaintiff has a legally cognizable cause of action, she should be permitted to proceed to trial and allow a jury to determine the disputed material fact in this case, namely, whether or not the defendant knew of the Bailey dog's bite history.

The parties have correctly pointed out that this is a case of first impression in Maine, although courts in other states have addressed the issue of a landlord's potential liability to a tenant's invitee when the invitee is attacked by the tenant's dog, the landlord knew of the dog's propensity to bite, and had authority to control

2

the premises.[1]  Depending on the facts in a given case, and the state of particular jurisdiction's statutory and common law, there is precedent from other courts to support either party's argument in this dispute.  *See* 87 A.L.R. 4th 1004 and the parties' memoranda.  Despite this division of authority, and the lack of precedent in Maine on facts of this nature, Maine law may reasonably be interpreted as barring this action upon the evidence relied on by the plaintiff.

This conclusion begins with the <u>Restatement (Second) of Torts</u> (1965) to which our Law Court frequently refers in formulating Maine law in tort jurisprudence.  The <u>Restatement</u> at § 355 states, in pertinent part:

> . . . a lessor of land is not subject to liability to his lessee or others upon the land with the consent of the lessee or sublessee for physical harm caused by any dangerous condition which comes into existence after the lessee has taken possession.

Once a tenant has taken possession of the property, he becomes the owner and occupier and is subject to the liabilities of one in possession."  *Hankard v. Beal*, 543 A.2d 1376, 1378 (Me. 1988).  Thus, "It is well established under Maine law that it is the possessor of land who owes a duty to use reasonable care to persons lawfully on the premises."  *Id.*  Moreover, "duty arises when a defendant is under an obligation for the benefit of a particular plaintiff," *Quadrino v. Bar Harbor Banking & Trust*

---

[1] One Maine case, which was cited by neither party in their memoranda, can be interpreted as relieving one in control of a premises from liability for a dog attack when that party did not own the dog.  *Lewis v. Penney*, 632 A.2d 439 (Me. 1993).  The case provides little assistance in this dispute, however.  Although the property owners in *Lewis* lived on the property where their daughter kept the offending dog, there was no evidence of its prior dangerousness.  Also, the Law Court, without explanation, left undisturbed the trial court's favorable action on the property owners' post-judgment motion to be relieved of liability.  Thus, the case stands only for the proposition that this court, also with no explanation in the decision, relieved property owners of liability for a dog attack on property they controlled although they did not own the animal.  *Id.* at 442.

3

*Co.*, 588 A.2d 303, 304 (Me. 1991). Finally, "whether one party owes a duty of care to another is a matter of law." *Id.* (quoting *Joy v. Eastern Maine Medical Center*, 529 A.2d 1364, 1365 (Me. 1987)).

The plaintiff does not dispute these fundamental principles of tort law, but argues that the defendant's failure to exercise his authority to act to protect an invitee to his tenant's apartment where he allegedly knew of a dangerous condition is a violation of the duty of care to another. Maine law, however, does not impose liability for such nonfeasance or inaction unless the alleged tortfeasor had an active role in the event at issue. *Hughes v. Beta Upsilon Building Assoc.*, 619 A.2d 525, 527 (Me. 1993). As was observed in *Hughes*, a case analogous to the one at bar, simply because a party has the power or ability to control activities does not mean that the party has a legal duty to do so, unless that party had a duty to act affirmatively to protect another from a danger he did not create. *Id.* "Such a duty does not arise from the opportunity to control the activity. It arises only from a relationship that society recognizes as sufficient to create the duty. Just as control and foreseeability are factors in duty analysis, so is the relationship of the parties. Not all relationships create an affirmative duty to act." *Id.*

Applying this guidance to the case at bar leaves little doubt as to the disposition of this matter. The defendant landlord may have had the ability to control the dangerous activity because he could have evicted the Baileys after the first dog bite in April, but he had no legal duty to do so; first, because as a landlord he ceded control over the premises to third parties who by Maine law take on the

4

liabilities accompanying possession. Second, he had no active role in the events causing injury to either child. He was not there, and he had no opportunity or responsibility to control the dog or the Baileys' handling of the animal when it struck. Last, as earlier noted herein, our law, and thus our society, has not in Maine recognized a relationship between a landlord and a tenant's invitee as sufficient to create an affirmative duty to act to prevent a potentially dangerous event from occurring on the tenant's leasehold where the latter has exclusive control. Indeed, our Legislature has established a different rule and has unambiguously assigned responsibility for a dangerous dog to its owner or keeper. 7 M.R.S.A. §§ 3952, 3961 (1989).

All this being so, this court must conclude from all the facts, disputed and undisputed, as interpreted in the plaintiff's favor, that the defendant had no duty under Maine law to the plaintiff to control his tenants' activities with respect to their dog. As such, he may not be held liable and summary judgment must be entered for the defendant on the plaintiff's complaint.

Accordingly, the entry will be:

> Defendant's motion for summary judgment is GRANTED; judgment to be ENTERED for the defendant on the plaintiff's complaint.

So ordered.

Dated: March 5, 2001

John R. Atwood
Justice, Superior Court

5

Date Filed __9/9/99__ __Kennebec__ Docket No. __CV99-203__

County

Action __Personal Injury__

# J. ATWOOD

Michelle Stewart o/b/o Kristen    vs.    Harrison Aldrich Jr

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Walter McKee Esq<br>PO Box 1051<br>Augusta Me 04332 | Kenneth D. Pierce,Esq.  (10/19/99)<br>X̶x̶B̶a̶x̶x̶x̶C̶x̶a̶x̶a̶x̶n̶x̶x̶S̶x̶x̶<br>A̶x̶g̶x̶a̶x̶x̶x̶x̶x̶Y̶x̶x̶x̶0̶4̶3̶3̶0̶x̶x̶<br>95 Exchange Street<br>P.O. Box 7046<br>Portland, Maine  04112-7046 |

| Date of Entry | |
|---|---|
| 9/9/99 | Complaint filed.  s/McKee,Esq.<br>Case file notice card mailed to Atty. |
| 10/6/99 | Copy of return of service on Harrison Aldrich Jr on 10/1/99 filed. |
| 10/19/99 | Answer to complaint filed.  s/Pierce,Esq. |
| 10/20/99 | SCHEDULING ORDER, STUDSTRUP, J.<br>Discovery deadline is June 20, 2000.<br>Copies mailed to attys of record. |
| 11/4/99 | Notification of Discovery Service, filed. s/Pierce, Esq.<br>Defendant Harrison Aldrich's Interrogatories Propounded to Plaintiff<br>served on Walter McKee, Esq. on 11/3/99 |
| 11/10/99 | Notification of Disscovery Papers, filed. s/McKee, Esq.<br>Plaintiff's Interrogatories Propounded to the Defendant Harrison Aldrich,<br>Jr. served on Kenneth Pierce, Esq. on 11/8/99 |
| 11/12/99 | Notification of Discovery Papers, filed. s/McKee, Esq.<br>Plaintiff's Request for Production of Documents Propounded to the Defendant<br>Harrison Aldrich, Jr., served on Kenneth Pierce, Esq. on 11/8/99 |
| 11/15/99<br>****** | Jury fee paid, filed. s/Pierce, Esq. |
| 11/19/99 | Notification of Discovery Service, filed. s/Pierce, Esq.<br>Notice of Deposition of Donald Bailey and Notice of Deposition of Robin<br>Bailey served on Walt McKee, Esq. on 11/18/99 |
| 11/22/99 | Notification of Discovery Service, filed. s/Pierce, Esq. |