MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2013 ME 93
Docket:       Yor-13-69
Argued:       September 10, 2013
Decided:      November 5, 2013

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
              JJ.

DEBRA J. FIELDS

v.

BILL HAYDEN et al.

GORMAN, J.

[¶1]   Debra J. Fields appeals from a summary judgment entered by the Superior Court (York County, *Fritzsche, J.*) in favor of Bill and Patricia Hayden on Fields's complaint alleging that the Haydens were negligent as landlords of tenants whose dog attacked Fields on three separate occasions.  Because no genuine dispute of material fact exists as to the Haydens' lack of possession or control over their tenants' dog, the trial court properly concluded that the Haydens did not owe Fields a duty of care.  We affirm the summary judgment.

I.  BACKGROUND

[¶2]   The following undisputed facts appear in the summary judgment record.  In July 2009, the Haydens leased a single-family dwelling exclusively to Wayne Perry and Susan Perry.  Pursuant to the one-year written lease agreement

between the Haydens and the Perrys, the Perrys were permitted to keep pets at the property, but they would be responsible for any property damage or disturbance caused by their pets. In August 2009, a dog owned by the Perrys and housed at the leased premises allegedly attacked Fields on three separate occasions.

[¶3] On August 17, 2009, the Perrys' dog broke free of its restraint and ran into the public road adjoining the leased property, growling, barking, and jumping on Fields and her dog as they passed by. Fields reported the incident to the Haydens approximately one week later. In response, the Haydens advised the Perrys to keep their dog leashed when it was outside and suggested to Fields that she avoid walking in front of the leased premises.

[¶4] On August 25, 2009, as Fields was again walking her dog along the same road, the Perrys' dog pulled away from a leash being held by Susan Perry and again barked at Fields and her dog. After the second incident, the dog was referred to local animal control officers, who undertook an evaluation to determine whether the dog was dangerous. The Haydens, the Perrys, and Fields agreed to await the results of the evaluation before taking any further action concerning the Perrys' dog.

[¶5] On August 26, 2009, while the dog was being evaluated, the dog slipped its collar and went onto Fields's property, growling, barking, and jumping on Fields and her dog. At the conclusion of their evaluation, the animal control

officers informed the parties that they had concluded that the dog was not dangerous and did not need to be removed from the Perrys' home. Two weeks later, Bill Hayden sent a letter to Fields acknowledging that he had an agreement with the Perrys that they would have the dog neutered, participate in dog training classes, and build a pen on the premises, and that he would erect a fence to block the dog's view of the street.

[¶6] Fields filed suit against the Haydens, alleging that she sustained personal and emotional injuries and incurred medical expenses, lost wages, pain and suffering, and permanent injuries arising from the three incidents. The complaint against the Haydens sought damages on a common law theory of negligence.[1] The court granted the Haydens' motion for summary judgment and Fields appealed.

## II. DISCUSSION

[¶7] We review a summary judgment de novo,

> viewing the evidence in the light most favorable to the party against whom judgment has been entered to decide whether the parties' statements of material facts and the referenced record evidence reveal a genuine issue of material fact. A material fact is one that has the potential to affect the outcome of the suit. A genuine issue exists

---

[1] Fields also presented claims of negligence, common law strict liability, and statutory liability against the Perrys concerning the attacks by their dog, and against Steven Nugent and Tracy Nugent concerning a separate alleged attack by a dog owned by the Nugents. All claims against the Nugents were dismissed by stipulation. On January 14, 2013, the court entered a judgment against the Perrys, awarding Fields $18,979.82 in damages plus interest and costs. The Perrys have not appealed the judgment.

> when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial.

*Morgan v. Marquis*, 2012 ME 106, ¶ 6, 50 A.3d 1 (quoting *Parrish v. Wright,* 2003 ME 90, ¶ 8, 828 A.2d 778). Fields contends that a genuine dispute of material fact exists as to whether the Haydens exercised control over their tenants' dog or were aware that the dog had an injurious propensity.

[¶8] Over the past twenty-eight years, we have decided four cases involving injurious dogs in which we considered a plaintiff's common law negligence claim.[2] *See Morgan*, 2012 ME 106, ¶¶ 3-4, 10, 50 A.3d 1 (dog owners owed a duty to a dog-sitter injured by their dog); *Parrish*, 2003 ME 90, ¶¶ 2-3, 19-20, 828 A.2d 778 (defendants owed no duty to a neighbor injured by a dog owned by the defendants' daughter); *Stewart ex rel. Stewart v. Aldrich*, 2002 ME 16, ¶ 1, 788 A.2d 603 (a landlord owed no duty to an invitee injured by a dog owned by and under the control of the landlord's tenants); *Henry v. Brown*, 495 A.2d 324, 327 (Me. 1985) (declaring that "a dogkeeper's negligence may serve as an independent theory of recovery for damage caused by a dog"). These decisions illustrate, and we reaffirm here, that a person owes a duty of care to another from any unreasonable

---

[2] In *Lewis v. Penney*, 632 A.2d 439, 440 (Me. 1993), a delivery driver was injured by a dog attack and sued on theories of common law negligence and statutory strict liability, but the issue on appeal did not involve the negligence claim.

risk of harm posed by the foreseeable actions of a dog *only if* that dog is in the person's possession or under the person's control.

[¶9] Our review of the summary judgment record, viewed in a light most favorable to Fields, reveals that there are no triable issues as to whether the Haydens were ever in possession or control of the Perrys' dog. The Perrys were the indisputable owners and possessors of the dog before, during, and after the three incidents. The lease agreement governing the use of the premises at the time of the incidents did not authorize the Haydens to exert any control over the dog;[3] it merely shifted liability for any property damage or disturbance caused by the dog onto the Perrys. Finally, as a matter of law, neither the actions that the Haydens took after learning of the first incident, i.e., instructing the Perrys to keep the dog leashed when it was outside, nor the actions they took after all three episodes had already occurred, including their statement that they would build a fence, amount to possession or control of the dog by the Haydens.[4]

The entry is:

Judgment affirmed.

---

[3] As a matter of law, "incidental control that comes from being able to threaten tenants with nonrenewal of a lease or with eviction" does not constitute control over a dog. *Stewart ex rel. Stewart v. Aldrich*, 2002 ME 16, ¶ 13, 788 A.2d 603.

[4] Because the only actions taken by the Haydens that might possibly create a question of liability under the "gratuitous repair" exception to the general rule of non-liability occurred after all three dog incidents had already occurred, we do not address the applicability of that exception to this case. *See Stewart*, 2002 ME 16, ¶ 10, 788 A.2d 603.

**On the briefs and at oral argument:**

Harry B. Center, II, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellant Debra J. Fields

Paul S. Douglass, Esq., Paul S. Douglas, P.A., Lewiston, for appellees Bill Hayden and Patricia Hayden

York County Superior Court docket number CV-2010-361

FOR CLERK REFERENCE ONLY