STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-19-296

JEFFREY PAQUETTE

    Plaintiff

v.

SCARBOROUGH BBQ, LLC D/B/A
FAMOUS DAVE'S

    Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ORDER ON DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

Before the Court is Defendant Scarborough BBQ, LLC d/b/a Famous Dave's Motion for

Summary Judgment. For the reasons set forth herein, the Motion is GRANTED IN PART and

DENIED IN PART.

## FACTUAL BACKGROUND

This case arises out of an electrocution which allegedly occurred on September 12, 2018,

at the Famous Dave's restaurant in Scarborough, Maine. Plaintiff Jeffrey Paquette ("Paquette") is

a resident of Waterboro, Maine, who on September 12, 2018, was at the Famous Dave's

restaurant. (Complaint ¶¶ 1, 4.) Defendant Scarborough BBQ, LLC d/b/a Famous Dave's

("Famous Dave's") is the corporation that owns and operates the Famous Dave's restaurant

located at 1 Cabela Boulevard in Scarborough, Maine. (Complaint ¶¶ 2, 3.) The following

recitation of facts was derived from both the Defendant's Statement of Material Facts and the

Plaintiff's Statement of Material Facts, as well as the responses to both Statements.

Qualifications and denials are noted where relevant.

REC'D CUMB CLERKS OFC
AUG 23 '22 AM11:08

1

On September 12, 2018, Paquette was eating at Famous Dave's with his wife and daughter. (Plaintiff's Statement of Material Facts ("Pl. S.M.F.") ¶ 1.) He walked into the restaurant's bathroom and began using the urinal. (Pl. S.M.F. ¶ 4.) He felt his feet begin to slide on the floor and placed his right hand against the wall to brace himself. (Pl. S.M.F. ¶ 4.) Paquette then claims to have felt a shock, at which point he stepped back and looked at the wall. (Pl. S.M.F. ¶¶ 4, 5, 8.) Paquette asserts that he saw an open electrical box with protruding wires. (Pl. S.M.F. ¶ 8.) He then returned to his table and told his wife about the incident. (Pl. S.M.F. ¶ 12.)

Paquette next informed a server of the incident. (Pl. S.M.F. ¶ 12.) The server went to get the assistant manager, who came to speak with Paquette at his table. (Defendant's Statement of Material Facts ("Def. S.M.F.") ¶ 30.) The assistant manager then went to inspect the bathroom, where she found that the plate covering the electrical box had been moved and three screws to the plate were missing. (Pl. S.M.F. ¶ 40). The assistant manager pushed the wires back into the box and secured the cover with new screws. (Def. S.M.F. ¶ 31). She was not electrocuted while doing so. (Def. S.M.F. ¶ 31).

After the incident, Paquette claims that his food tasted like metal, so he decided to leave. (Pl. S.M.F. ¶ 15.) He further claims that he felt sick on his way home and that, upon exiting his parking spot, he drove 100 feet or less before vomiting. (Pl. S.M.F. ¶ 23.) Paquette called his primary care physician the following morning. (Pl. S.M.F. ¶ 16.) Paquette alleges that the electrocution incident at Famous Dave's has caused a range of health issues, including constant tingling, numbness, and lack of sensitivity in his right hand, a loss of strength in his right hand and arm, and sharp muscle pains, burning sensations, tingling sensations, and muscle spasms on the right side of his body. (Pl. S.M.F. ¶ 24.)

Famous Dave's denies that Paquette was electrocuted. (Defendant's Response to Plaintiff's Statement of Material Facts ("Def. R.") ¶ 12.) Famous Dave's denies that any of the symptoms Paquette claims to be experiencing are associated with this incident. (Def. R. ¶ 24.) Instead, Famous Dave's asserts that all of Paquette's injuries may be attributed to his long history of shoulder pain. (Def. R. ¶ 24.)

Paquette filed the instant two count complaint in Cumberland County Superior Court on August 1st, 2019. Counts I and II assert negligence against Famous Dave's. On February 28th, 2022, Famous Dave's filed the instant Summary Judgment Motion, and on April 29th, 2022, Paquette filed his opposition. On May 12th, 2022, Famous Dave's filed their reply. Famous Dave's Summary Judgment Motion, now fully briefed, awaits this Court's decision.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, indicates that there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Remmes v. The Mark Travel Corp.*, 2015 ME 63, ¶ 18, 116 A.3d 466. A fact is material if it has the capacity to affect the outcome of the case. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. An issue is genuine if the factfinder must choose between competing versions of the truth. *Id.* "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." *Id.* Summary judgment is not a substitute for a trial. *Arrow Fastener Co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 18, 917 A.2d 123.

## DISCUSSION

In their Motion, Famous Dave's seeks summary judgment on Counts I and II, both of which claim negligence on their part. Count I alleges negligent maintenance of the premises. Count II alleges negligent failure to provide safe premises. In the alternative to a grant of summary judgment on Paquette's negligence claims, Famous Dave's seeks judgment as to Paquette's claims for lost wages and lost earning capacity. Paquette's two Counts pleading negligence are addressed together first, followed by the lost wages dispute.

## I. Negligence

To survive a defendant's motion for summary judgment on a negligence claim, a plaintiff "must establish a prima facie case for each of the four elements of negligence: duty, breach, causation, and damages." *Quirion v. Geroux*, 2008 ME 41, ¶ 9, 942 A.2d 670 (quoting *Maddocks v. Whitcomb*, 2006 ME 47, ¶ 10, 896 A.2d 265).

### A. Duty

The existence of a duty is a question of law which the court may resolve at summary judgment. *Mastriano v. Blyer*, 2001 ME 134, ¶ 11, 779 A.2d 951. A duty is "an obligation, to which the law will give recognition and effect, to conform to a particular manner of conduct toward another." *Quadrino v. Bar Harbor Banking & Trust Co.*, 588 A.2d 303, 304 (Me. 1991) (quoting *Howe v. Stubbs*, 570 A.2d 1203, 1203 (Me. 1990)).

The owner or operator of a restaurant owes a duty of care to its patrons, who are considered business invitees. *Seiders v. Testa*, 464 A.2d 933, 935 (Me. 1983). This is an affirmative duty to use ordinary care in ensuring that "the premises are reasonably safe for invitees in the light of the totality of the circumstances." *Isaacson v. Husson Coll.*, 297 A.2d 98, 103 (Me. 1972). Whether a particular defendant has exercised reasonable care is a determination ordinarily left to the jury. *Seiders*, 464 A.2d at 935.

4

In this case, the parties do not dispute that Famous Dave's owed a duty to Paquette as an invitee. Instead, the parties are in dispute as to whether Famous Dave's met its duty. As stated above, that determination is ordinarily left to the jury. This Court avoids such fact specific determinations. As a matter of law, Famous Dave's, owner and operator of the restaurant in question, had an affirmative duty to use ordinary care in ensuring reasonably safe premises for Paquette.

**B.      Breach, Causation, Damages**

The three remaining elements of negligence are fact intensive in nature. As such, summary judgment is proper only if there are no genuine issues of material fact presented by the record. Here, the record generates genuine issues of material fact as to each.

In terms of breach, the record presents factual issues as to whether the men's restroom was safe when Paquette entered it and whether Famous Dave's maintenance of the men's restroom was reasonable. There are properly supported allegations that, at some time on September 12, 2018, uncapped wires were protruding from an open electrical box above a urinal in the men's restroom. How long the electrical box was in that condition and how it came to be in that condition are disputed. The dangerousness of the condition is also disputed. Famous Dave's claims that the electrical box in question had been abandoned and was not receiving power, and therefore, the wires Paquette touched were incapable of producing a shock. Paquette provides expert testimony that the wires could have become energized another way. Finally, although there is evidence that the staff entered the bathrooms hourly to replace the toilet paper and check the mirrors and floors, it is not clear if or how often the staff were instructed to inspect the restrooms for other safety issues.

5

Genuine issues of fact as to causation and damages are also present in the record. Regarding causation, the parties contest whether touching the exposed wire caused Paquette's injuries. As stated above, Famous Dave's argues that Paquette's symptoms may all be attributed to injuries he had sustained prior to this incident. Paquette claims that his symptoms are a product of this incident, and he presents the testimony of a treating physician who attributes Paquette's symptoms to electrical injury. Regarding damages, although Paquette will no longer be pursuing lost wages, as discussed below, there remains a dispute over the extent of his other damages.

Because the record generates genuine issues of material fact as to breach, causation and damages, summary judgment may not be entered in favor of Defendant Famous Dave's.

## II.    Lost Wages and Earning Capacity

In its Motion, Famous Dave's seeks judgment as to Paquette's claims for lost wages and lost earning capacity. In his opposition, Paquette agrees to summary judgment on this issue. Paquette states that he will no longer pursue a claim for lost wages or lost earning capacity. Summary judgment will therefore be entered in favor of Defendant Famous Dave's as to that issue.

**Entry is:**

Defendant's Motion for Summary Judgment is Denied as to Counts I and II. Defendant's

Motion for Summary Judgment is Granted as to the issue of lost wages and earning capacity. The

clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P.

79(a).

Dated: 8/23/22

John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 8/26/2022

7